IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NADINE YOUNG,                       *

    Plaintiff,                      *

       v.                           *        CIVIL NO.: WDQ-14-1764
                        *

HOUSING AUTHORITY OF
BALTIMORE CITY,                     *

    Defendant.                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Nadine Young, *pro se*, sued the Housing Authority of
Baltimore City ("HABC")[1] for retaliation and hostile work
environment based on sex discrimination.  ECF No. 11.[2]  Pending

_____

[1] The original complaint named "Baltimore Housing Authority" as
the Defendant.  ECF No. 1.  HABC's motion to dismiss the
original complaint and Young's amended complaint name "Housing
Authority of Baltimore City" as the Defendant.  The Clerk will
correct the docket to reflect the revision.

[2] Young's amended complaint does not specify the laws under which
she is suing.  *See* ECF No. 11 at 1-2.  However, in an arguably
unclear "Memorandum in Support of the Amended Complaint," Young
appears to assert claims for retaliation and a hostile work
environment.  *See* ECF No. 11-1 at 3 ("A plaintiff may establish
a violation of Title VII . . . by proving that discrimination
based on sex has created a hostile or abusive work
environment"); *see also* ECF No. 15 (addressing sexual harassment
and hostile work environment claims in Young's opposition to
HABC's motion to dismiss).  Young also states that she was
discriminated against when she was denied a work-site transfer,
but does not state the basis upon which she was discriminated.
*See id.* at 3.  Young states that "medical care due to work
stress" led to her request; however, even liberally construed,
that is insufficient to allege a disability discrimination

are HABC's motions to dismiss Young's original and amended

complaint.  ECF Nos. 6, 12.  No hearing is necessary. Local Rule

105.6 (D. Md. 2014).  For the following reasons, HABC's motion

to dismiss Young's original complaint will be denied as moot,

and its motion to dismiss the amended complaint will be granted.[3]

I.   Background[4]

    On June 9, 2011, George Reeves, Young's co-worker, made an

inappropriate sexual comment that offended, embarrassed, and

humiliated Young.  ECF No. 11 ¶¶ 1, 4.  Young reported the

---

claim.  Accordingly, the Court will construe Young's amended
complaint as alleging retaliation, and sex discrimination under
the hostile work environment theory.

[3] "It is well settled that an amended pleading supersedes the
original pleading, and that motions directed at superseded
pleadings are to be denied as moot." *Blount v. Carlson Hotels*,
3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6,
2011) (*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573
(4th Cir. 2001) ("The general rule . . . is that an amended
pleading supersedes the original pleading, rendering the
original pleading of no effect.")).  Because Young amended her
complaint as of right, *see supra* note 10, HABC's motion to
dismiss the original complaint will be denied as moot.

[4] Because *pro se* pleadings are afforded liberal construction, *see*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the
facts are from the amended complaint and Young's memorandum in
support of her amended complaint.  ECF Nos. 11, 11-1.  For the
motion to dismiss for failure to state a claim, the well-pled
allegations in the amended complaint (and Young's memorandum)
are accepted as true.  *See Brockington v. Boykins*, 637 F.3d 503,
505 (4th Cir. 2011).  However, the Court may "look beyond the
pleadings" to decide whether it has subject matter jurisdiction.
*Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003).
Additional facts relevant to subject matter jurisdiction are
from documents attached to the complaint and HABC's motion to
dismiss the original complaint.  ECF Nos. 1-2, 6-2.

comment to her supervisor, Tyrone Johnson, who "did nothing."
*Id.* ¶ 2.  Young then reported the comment to Johnson's superior,
Rhonda Van Dyke, who reported it to Barbara Snow.  *Id.* ¶ 3.
Snow investigated the incident for the Baltimore Office of Fair
Housing and Equal Opportunity, and, in November 2011,
recommended that Young, Reeves, and Johnson receive disciplinary
action.  *Id.* ¶ 4; ECF No. 11-1 at 2.  On November 15, 2011,
Johnson received a letter of counseling "for inappropriate
conversation."  ECF No. 11-1 at 2.

On December 8, 2011, Young filed a charge of sex
discrimination jointly with the Baltimore Community Relations
Commission ("BCRC") and the Equal Employment Opportunity
Commission ("EEOC").  ECF No. 6-2 at 1-2.[5]  Young checked the box
marked "sex," and not "retaliation," when indicating the type of
discrimination.  *Id.* at 1.  Young alleged, *inter alia*, that, on
June 9, 2011, Reeves made an inappropriate sexual comment, over
which they argued, and Johnson told Reeves and Young to be
quiet.  ECF No. 6-2 at 1.  Young further alleged that, on July
29, 2011, she and Reeves argued about food during the "Work
Appreciation Cookout," and Young told Reeves "that he needed to
respect [her]."  *Id.* at 2.  Young met with Johnson, Van Dyke,
Reeves, and her union representative; during the meeting, Reeves

---

[5] The EEOC charge number is 12B-2012-00005.  ECF Nos. 6-2 at 1;
1-2 at 1.

admitted the June 9, 2011 comment. *Id.* Young reported the incident to Snow, who told her "to come to the workplace, not to socialize[,] and not to show any pictures to co-workers." *Id.*

On January 3, 2012, Young received five days suspension "for allegedly engaging in sexually inappropriate behavior." ECF No. 11 ¶¶ 6-7. Young "appealed the suspension," alleging that it was retaliation for filing the sex discrimination charge. *Id.* ¶ 8; ECF No. 11-1 at 2. In a January 17, 2012 letter to HABC, AFSCME[6] Local 647 President Anthony Coates stated that Young's disciplinary action was "extremely discriminating." ECF No. 11-1 at 2.[7]

On February 3, 2012, the EEOC sent HABC notice of Young's charge of discrimination. ECF No. 6-2 at 3. Under "circumstances of alleged discrimination," the box marked "sex" was checked; the box marked "retaliation" was not checked. *Id.*

"As a result of" Coates's letter, on July 25, 2012,[8] "the suspension was reduced," Young received the five days' pay, and forfeited two days leave instead. ECF Nos. 11 ¶ 8; 11-1 at 2.

---

[6] "American Federation of State, County & Municipal Employees."

[7] Young's amended complaint repeats Coates's statement, but does not indicate its source. ECF No. 11-1 at 2. However, Young attached Coates's letter to her supplement to her opposition to HABC's motion to dismiss. *See* ECF No. 16-3.

[8] Young's memorandum in support of her amended complaint alleges that the suspension was reduced on July 25, 2013; however, that

After Young's suspension was reduced, the workplace became hostile, and she requested a transfer. *Id.* ¶ 9.[9] Young began seeing a therapist, who recommended that she be transferred to another work site. *Id* ¶¶ 10-11. Young's request was denied because her employer said "employees were not transferred between work sites." *Id.* ¶ 12. However, "persons [were] transferred to other sites." *Id.*

On May 1, 2014, the EEOC sent Young a dismissal and notice of right to sue. ECF No. 1-2. On June 2, 2014, Young sued HABC for sex and disability discrimination, and retaliation. ECF No. 1 at 1-2. On July 14, 2014, HABC moved to dismiss the complaint for failure to state a claim, or for a more definite statement. ECF No. 6. On July 29, 2014, Young opposed the motion. On August 7, 2014, Young filed an amended complaint, alleging retaliation and a hostile work environment. ECF No. 11.[10] On

---

appears to be a typographical error in her timeline. *See* ECF No. 11-1 at 2.

[9] Young also alleges that the work place became hostile after Johnson received his letter of counseling. *Id.* at 3.

[10] Young originally filed her amended complaint on July 30, 2014, within the 21 day period for amending as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). Young's pleading was returned because she had failed to include a red-line version showing changes from the original, hand-written complaint. ECF No. 9. Young complied, insofar as she submitted a red-line version that showed additions, but it did not show deletions. ECF No. 11-2. The Court recognizes the difficulty of showing red-line deletions to a handwritten complaint, and will accept the amended complaint as timely filed.

August 25, 2014, HABC moved to dismiss the amended complaint.

ECF No. 12.[11]  On September 11, 2014, Young opposed the motion.

ECF No. 15.  On September 12, 2014, Young supplemented her

opposition.  ECF No. 16.  On September 29, 2014, HABC replied.

ECF No. 17.

II.  Analysis

    A.  Subject Matter Jurisdiction

        1.  Legal Standard

    "[Q]uestions of subject-matter jurisdiction may be raised .

. . sua sponte by the court."  *Brickwood Contractors, Inc. v.*

*Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

"Regardless of the basis for [HABC's] motion, the [C]ourt has an

independent duty to satisfy itself of its own subject matter

jurisdiction."  *Snead v. Bd. of Educ. of Prince George's Cnty.*,

815 F. Supp. 2d 889, 893 (D. Md. 2011).  The plaintiff has the

burden of proving the Court has jurisdiction, and the Court must

make all reasonable inferences in the plaintiff's favor.

*Khoury*, 268 F. Supp. 2d at 606.  Dismissal is appropriate when

"the material jurisdictional facts are not in dispute and the

defendant is entitled to prevail as a matter of law."  *Snead*,

815 F. Supp. 2d at 894 (internal quotation marks and citation

---

[11] In the alternative, HABC moved for a more definite statement.
ECF No. 12-1 at 3.  Because the Court will grant HABC's motion
to dismiss, it will not address HABC's alternative motion.

omitted).  The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, *Khoury,* 268 F. Supp. 2d at 606, "without converting the proceeding to one for summary judgment," *Snead*, 815 F. Supp. 2d at 894.

> 2.   The Court's Subject Matter Jurisdiction

Title VII claims are subject to administrative exhaustion. *See* 42 U.S.C. §§ 2000ff-6(a)(1), 2000e-5(e)(1); *Kobraei v. Alexander*, 521 F. App'x 117, 118 (4th Cir. 2013) (unpublished) (per curiam) (*citing Chacko v. Patuxent Inst., 429 F.3d 505, 513 (4th Cir. 2005)*).  A plaintiff exhausts her administrative remedies by filing an EEOC charge and obtaining a "right-to-sue" letter; failure to do so "deprives the federal courts of subject matter jurisdiction over the claim."  *Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).

A complaint filed in court may raise "claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint."  *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996) (age discrimination claim barred when EEOC charge alleged sex discrimination).[12]

_____

[12] *See Chacko*, 429 F.3d at 511 (failure to exhaust administrative remedies when EEOC charges alleged harassment by supervisors not based on national origin, and complaint alleged hostile work environment based on national origin epithets by coworkers).

Young's amended complaint asserts Title VII claims; thus, they are subject to administrative exhaustion. *See* ECF No. 11-1 at 3; *Kobraei*, 521 F. App'x at 118.[13]  Her amended complaint, however, lacks allegations about administrative exhaustion; the only grievance Young alleges she filed was with the Baltimore Office of Fair Housing and Equal Opportunity.  ECF No. 11-1 at 2.

Looking "beyond the pleadings," *Khoury*, 268 F. Supp. 2d at 606, it is evident that, on May 1, 2014, the EEOC sent Young a dismissal and notice of right to sue in connection with her December 2011 charge.  ECF Nos. 1-2, 6-2.  That charge had alleged sex discrimination; however, the "retaliation" box was not checked.  ECF No. 6-2 at 1, 3.

Mere failure to check the "retaliation" box on the charge form is not fatal to exhaustion of this claim.[14]  If the

---

[13] Young's opposition confusingly asserts that her claim "is under the legal doctrine of 'Negligence,'" and Johnson's negligence "entitle[s her] to bring [an] action under Title VII of the Civil Rights Act of 1964 for sexual harassment."  ECF No. 15 at 2.  There are no allegations supporting common law negligence; Young's amended complaint alleges hostile work environment based on sex discrimination and retaliation.  ECF Nos. 11, 11-1.

[14] *See Williams v. Mancom, Inc.*, 323 F. Supp. 2d 693, 695 n.2 (E.D. Va. 2004) ("EEOC complaints filed by individuals acting without the assistance of an attorney are not so strictly construed that a failure to check the 'Retaliation' box on the EEOC charge form is necessarily fatal to the later assertion of a retaliation claim."); *cf. Sydnor v. Fairfax Cnty., Va.*, 681

appropriate box is not checked, however, the narrative of the charge must either: (1) specifically allege or describe retaliation; or (2) show that retaliation was a "kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *See Johnson v. Portfolio Recovery Associates, LLC*, 682 F. Supp. 2d 560, 571, 573 (E.D. Va. 2009) (*quoting Jones*, 551 F.3d at 302).[15]  That the claim alleged in the charge and the retaliation claim arise from the same facts[16] or from the same animus[17] is not sufficient to exhaust the retaliation claim.  If the plaintiff fails to

---

F.3d 591, 593 (4th Cir. 2012) ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs.").

[15] *See also Michaels v. Cont'l Realty Corp.*, 2011 U.S. Dist. LEXIS 109172, at *17-*18 (D. Md. Sept. 26, 2011) ("Without explicitly mentioning a retaliation claim in his EEOC Charge, merely describing the events that led to his termination is insufficient to have triggered a Commission investigation.").

[16] *See, e.g., Black v. Mission Hosp., Inc.*, 1:11CV146, 2012 WL 112234, at *3 (W.D.N.C. Jan. 12, 2012) (dismissing retaliation claim, because plaintiff only referred to discrimination in her charge form, even though the plaintiff alleged the same facts in support of both claims); *see also Shepheard v. City of New York*, 577 F. Supp. 2d 669, 680 (S.D.N.Y. 2008) *aff'd sub nom. Shepheard v. New York City Corr. Dep't*, 360 F. App'x 249 (2d Cir. 2010) ("Where the EEOC charge alleges discrimination but not retaliation, the reasonable scope of the agency's investigation cannot be expected to encompass allegations of retaliatory motive.") (internal quotation marks omitted).

[17] *Steward v. Gwaltney of Smithfield, Ltd.*, 954 F. Supp. 1118, 1122-23 (E.D. Va. 1996) *aff'd,* 103 F.3d 120 (4th Cir. 1996) ("While [plaintiff]'s retaliation discrimination claim is

provide sufficient notice of her claim to the employer and the EEOC in the charge form, the plaintiff's claim is subject to dismissal.[18]

Here, Young's charge narrative alleges Reeves's inappropriate sexual comment, their argument at the Work Appreciation Cookout, and her attempts to seek redress for Reeves's conduct; it does not mention retaliation.  ECF No. 6-2 at 1-3.   Because Young's EEOC charge did not exhaust her retaliation claim, the Court will dismiss this claim for lack of subject matter jurisdiction.  However, Young has exhausted her sex discrimination claim, and the Court will address HABC's motion to dismiss that claim.

  B.   Motion to Dismiss

    1.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts,

---

similar to his race discrimination claim in their animus, the fact that [plaintiff] listed race discrimination on the EEOC charge would not lead the EEOC to investigate retaliation discrimination by [defendant].").

[18] *See, e.g.*, *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) (dismissing plaintiff's retaliation claim when EEOC charge only alleged that she had been terminated on the basis of her age).

the merits of a claim, or the applicability of defenses."
*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.
2006).

The Court bears in mind that Rule 8(a)(2) requires only a
"short and plain statement of the claim showing that the pleader
is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l,
Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's
notice-pleading requirements are "not onerous," the plaintiff
must allege facts that support each element of the claim
advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,
764-65 (4th Cir. 2003). These facts must be sufficient to
"state a claim to relief that is plausible on its face." *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[]
facts that are 'merely consistent with a defendant's
liability;'" the facts pled must "allow[] the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must
not only allege but also "show" that the plaintiff is entitled
to relief. *Id.* at 679 (internal quotation marks omitted).
"Whe[n] the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has

alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    2.   HABC's Motion

    Title VII provides that it "shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his ... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a).  Sexual harassment gives rise to a claim of sex discrimination under Title VII.  Young alleges that she was subjected to a hostile work environment.  ECF Nos. 11 at 2; 11-1 at 3.  Under the hostile work environment theory, the harasser's conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65 (1986).

    To state a hostile work environment claim, Young must show that: (1) she was harassed because of her sex; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) some basis exists for imputing liability to the employer.  *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (dismissing hostile work environment claim when plaintiff's allegations, which included actions taken in response to concerns about her performance, failed to show that harassment

was connected to her race or gender); *Hartsell v. Duplex Prods., Inc.*, 123 F, 3d 766, 772 (4th Cir. 1997).

HABC asserts that Young's claim fails on the third requirement because her allegation of a single comment by Reeves is insufficient "to rise to the level of a hostile work place." ECF No. 12-1 at 8. Young asserts that "gossip, jokes, hearsay, and innuendoes" created a hostile work environment. ECF No. 15 at 3-4.

"Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive--is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 19 (1993). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment,'" such that they objectively create a hostile environment. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (single incident of sexual harassment not actionable) (internal quotation marks and citation omitted).

Here, Young alleges that Reeves made an inappropriate sexual comment. ECF Nos. 11 ¶ 1; 11-1 at 1. Taken alone, that

13

is insufficiently severe to establish an objectively hostile workplace.  *See Clark Cnty. Sch. Dist.*, 532 U.S. at 271.[19]

Young also alleges that the work place became hostile after Johnson received his letter of counseling, and she successfully appealed her five day suspension.  ECF Nos. 11 ¶ 9; 11-1 at 3. However, neither incident gives rise to the reasonable inference that the hostile environment was "because of [Young's] sex." *See Bonds*, 629 F.3d at 385-86.  Accordingly, Young's hostile work environment claim fails on the first and third requirements, and HABC is entitled to dismissal of that claim.

## III. Conclusion

For the reasons stated above, HABC's motion to dismiss Young's original complaint will be denied as moot, and its motion to dismiss the amended complaint will be granted.

2/24/15
Date

William D. Quarles, Jr.
United States District Judge

---

[19] Young's opposition asserts that "gossip, jokes, hearsay, and innuendoes" created a hostile work environment.  ECF No. 15 at 3.  Generally, a motion to dismiss tests the sufficiency of the complaint.  *See, e.g.*, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  However, even under the liberal construction afforded *pro se* pleadings, *Erickson*, 551 U.S. at 94, Young's conclusionary assertion lacks sufficient facts for the Court to conclude that she is entitled to relief.  *See Iqbal*, 556 U.S. at 678.